USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1245 FRANCISCA COLON, Plaintiff, Appellant, v. SHIRLEY S. CHATER, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Robert W. Lovegreen, U.S. Magistrate Judge] Before Torruella, Chief Judge, Coffin, Senior Circuit Judge, and Stahl, Circuit Judge.   Donna M. Nesselbush and Green, Greenberg & Nesselbush on brieffor appellant. Sheldon Whitehouse, United States Attorney, Mary E. Rodgers,Assistant U.S. Attorney, and Wayne G. Lewis, Assistant RegionalCounsel, on brief for appellee.September 30, 1998   Per Curiam. Appellant Francisca Colon appeals from the district court's decision affirming the final decision of the Commissioner of Social Security which denied her disability insurance benefits under the Social Security Act. After reviewing the administrative record, we conclude that substantial evidence supported the denial of benefits, essentially for the reasons given by the district court in its decision. In particular, we note that the district court correctly construed the medical record, which showed that both of appellant's treating physicians, rheumatologist Dr. Edward Lally and orthopedist Dr. Howard Hirsch, ultimately viewed her pain to be muscular in origin and that both rejected the view that it was due to her clavicular non-union. We make only the following additional comments which relate to claims of error not directly addressed by the district court. 1. We do not think that Social Security Ruling 96-5p required the administrative law judge ("ALJ") to recontact Dr. Hirsch to clarify the basis for his opinion that the appellant was disabled from December 1993 to December 1994.  Under the Ruling, the ALJ was required to do so only if he could not "ascertain the basis of the opinion from the case record." The record contained a questionnaire, filled out by Dr. Hirsch in July 1995, which stated the basis for his opinion that the appellant was disabled. 2. We see no error in the ALJ's failure to explain in detail why he discredited the appellant's testimony as to her pain. He does not appear to have discredited the specific facts to which she testified, since he determined that she had a severe impairment which prevented her from performing her past work. Rather, he apparently declined only to draw the ultimate conclusion that her pain left her totally disabled, offering legitimate reasons for doing so. Nor do we agree that he mischaracterized her testimony regarding her daily activities. Based on her testimony, the ALJ could reasonably infer that, as the only adult regularly present, she cared for her two young children who lived with her; that she could drive (she stated only that she was not driving at the time of the hearing because she did not have a car); that she could shop (she testified only that her son lifted the "heavier" things); and that she could do some household cleaning (she stated only that she had "difficulty" cleaning, that she asked her younger son to sweep the floor, and that her adult son, who lived in a different state, did general cleaning when he was there).  While she did not testify that she visited with friends regularly, she did report that fact in her disability applications. Finally, the appellant has not shown that the ALJ failed to make the inquiries required by Avery v. Sec'y of Health & Human Serv., 797 F.2d 19 (1st Cir. 1986). 3. The ALJ had no need to consult a medical expert because the record contained several medical opinions on appellant's functional capacity. Both Dr. Lally and Dr. Hirsch offered opinions, and the Commissioner's consulting, non- examining physician, Dr. Richard Mignacci, filled out a residual capacity assessment form. While appellant's treating physicians differed in their opinions on her functional capacity, the ALJ reasonably explained why Dr. Lally's opinion should be preferred. 4. The hypothetical, which appellant's counsel posed to the vocational expert at the disability hearing, was premised in part on the assumption that appellant's ability to grasp with her dominant right hand was limited. Because this restriction was not supported by the medical evidence, the ALJ did not err in ignoring the expert's response to counsel's hypothetical. The decision of the district court is affirmed.